TOLER *v.* NASHVILLE, C. & ST. L. RY.

(*Nashville*, December Term, 1937.)

Opinion filed June 11, 1938.

Louis Farrell, Jr., Norman Farrell, and Jack Norman, all of Nashville, for petitioner.

Walker & Hooker, and W. A. Miller, all of Nashville, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

This is a Workmen's Compensation suit, the sole question for determination being the average weekly wage of petitioner, who was totally injured on August 9, 1937, while in the employ of defendant. Prior to his injury petitioner had worked intermittently or irregularly for defendant during the past ten years. He worked as a "steel helper." He was a member of the Railroad Brotherhood, whose members had a contract with defendant. Since the amount of work varied from time to time, it was provided that employees of each classification would be given work according to their seniority. On June 1, 1937, petitioner had acquired sufficient seniority to be given work when it was available. From June 1, 1937, to the date of his injury his work was steady. The last work he did in 1936 was in the early part of June. He was not given other work until January 2, 1937. During January and February of that year he worked five weeks. During June, July and August following he worked nine weeks, making fourteen weeks that he was employed between

January 2 and August 9. The total wages received during that period was $301.16. In other words, he received this sum for the work performed during the fourteen weeks, or an average of $21.50 per week.

■ Petitioner had not been regularly employed for a year within the meaning of the statute as construed by this court in *Braggs Quarry* v. *Smith,* 161 Tenn., 682, 33 S. W. (2d), 87, 34 S. W. (2d), 714; hence the first method by which the wages received are divided by fifty-two, for the purpose of ascertaining the average weekly wage, does not apply. If, however, the petitioner be treated as a regular employee for the year preceding his injury, by deducting the thirty-eight weeks that he did not work and dividing the total wages received by fourteeen, the weeks that he did work, the result would be the same, to-wit, $21.50.

■■ Where the employment was not regular for a year preceding the injury, the second method provided by the statute, subsection (c) of section 6852, is as follows: "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results just and fair to both parties will thereby be obtained."

Construing this section of the statute according to its plain and unambiguous meaning, we held in *Mayberry* v. *Chemical Co.,* 160 Tenn., 459, 26 S. W. (2d), 148, that in computing the average weekly wage the weeks that the employee did not work should be excluded. In that case the employee began work about October 23, 1924, and was injured on April 3, 1925, the period from the time he began work until he was injured being twenty-two

weeks. But it appeared from the evidence that during the month of November, 1924, he earned no wages; so that, in computing his weekly wage, the court deducted the four weeks that the employee did not work and divided the total wages received by eighteen instead of by twenty-two. Applying the same rule in the instant case, it is apparent that the average weekly wage of petitioner is $21.50.

It is conceded that between January 2 and August 9 petitioner earned $301.16. The statute states in clear and unmistakable language that to ascertain the average weekly wage this sum must be divided by the number of weeks and parts thereof "during which the employee earned wages." In this particular case there were only fourteen weeks out of the fifty-two weeks preceding the accident during which petitioner earned wages.

We have examined a number of cases in other jurisdictions in which the question here involved was considered, but in each case the court was construing a statute although different from ours. We have found no decision where the statute involved was similar to ours.

The trial court arrived at the average weekly wage by dividing $301.16 by thirty-one, the number of weeks between January 2, 1937, the date on which petitioner began work, and August 9, 1937, the day on which he was injured. In arriving at this conclusion the trial court adopted a theory not deducible from any provision of the statute.

The decree of the trial court will be modified in accordance with this opinion.

The costs will be taxed against the defendant.