**FILED**
**Apr 03, 2020**
**10:06 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Denny Woodard | ) Docket No. 2018-06-2162 |
| | ) |
| v. | ) State File No. 69647-2018 |
| | ) |
| Freeman Expositions, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded

---

The employee, a stagehand union worker responsible for erecting and tearing down spaces for conferences and trade shows, was injured when a cart fell over on him. He received some authorized medical care before the employer denied the claim on the basis of a positive drug screen. The employer also asserted the employee violated a known safety rule. The employee filed a request for expedited hearing, asking the trial court to order the employer to provide additional medical benefits, to pay temporary disability benefits, and to pay attorneys' fees. Following the expedited hearing, the trial court found the employer had failed to establish either of its affirmative defenses. It ordered the employer to provide additional medical care and temporary disability benefits, but it reserved the issue of attorneys' fees for a later hearing. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Daniel C. Todd, Nashville, Tennessee, for the employer-appellant, Freeman Expositions, LLC

Denty Cheatham, Nashville, Tennessee, for the employee-appellee, Denny Woodard

### Factual and Procedural Background

Denny Woodard ("Employee"), a resident of Whites Creek, Tennessee, was working for Freeman Expositions, LLC ("Employer"), at Music City Center in Nashville

1

as a stagehand.  On September 11, 2018, he suffered injuries when a cart tipped over and fell on him.  Employee was a member of the International Alliance of Theatrical Stage Employees, a union that provided stagehands to organizations that put on various kinds of events, such as trade shows and conferences.  At the time of the accident, Employee was pushing and pulling a cart loaded with Masonite, a material used to protect the hosting venue's floors during erection and tear-down.

The cart used by Employee had a rail on one side against which several four-feet-by-eight-feet pieces of Masonite were leaning.  The Masonite was longer than the cart, so to move the cart, a worker had to push on the Masonite itself.  At the time of the accident, Employee was pushing the cart at the instruction of his team leader on that job site.  While Employee was pushing the cart, his team leader was walking beside or behind him and, according to Employee, would have been able to assist Employee with maneuvering the cart around any obstacles.  However, his team leader received a phone call and walked away from Employee, who continued to push the cart around a box on the floor.  To do so, Employee both pushed and pulled the cart at various times to keep it moving in the direction he needed to go.  While pulling on the cart, it tipped over and fell on Employee, causing him to suffer injuries, including a broken arm and a broken leg.  There is no dispute that the injury occurred in the manner reported, and, in fact, there is surveillance video of the accident.

Employer initially provided workers' compensation benefits, but it later denied the claim on the basis of a positive drug screen.  Employee provided a urine sample after arriving at the hospital, and the test results were positive for the presence of THC, the active ingredient in marijuana, and oxycodone.  Employee admitted he had smoked marijuana at a union picnic sometime between two and nine days prior to the accident, but he denied having smoked it the day of the accident, and he denied being under the influence of any drugs at the time of the accident.  He acknowledged that his drug test was also positive for oxycodone but explained he had been given Percocet for his pain at the hospital, which he said accounted for the positive drug test.  Employer initially asserted it was a certified drug-free workplace, which would have provided Employer a presumption that Employee's drug use was the proximate cause of his injuries.  However, Employer later acknowledged it was not a certified drug-free workplace under Tennessee law and, therefore, agreed it had the burden of proving Employee's illegal drug use was the proximate cause of the accident.  Employer also asserted Employee violated a known safety rule by pulling rather than pushing the cart loaded with Masonite.

Following an expedited hearing, the trial court concluded that Employer had failed to show a likelihood of prevailing at trial on its willful misconduct defense and that "the affirmative defense of intoxication fails."  It found Employee would likely prevail at trial

with respect to his request for additional medical care.[1]  Employee also requested temporary disability benefits and asserted Employer had incorrectly calculated his compensation rate.  Employee asserted he was an irregular employee and, therefore, his compensation rate should be calculated by dividing his gross wages by the number of weeks during which he actually performed work for Employer.  Employer argued that both parties knew the work would be irregular and, therefore, Employee's lack of work during some weeks was not caused by fortuitous events.  Employer asserted Employee's gross wages should be divided by 52 weeks because Employee had performed work for Employer at various times for more than one year prior to the date of the accident.  The trial court agreed with Employee's analysis and ordered Employer to pay temporary disability benefits at the rate of $219.21 per week.  Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

In its notice of appeal, Employer asserts the trial court erred in concluding Employee is likely to prevail at trial in light of the drug screen results, the safety rule violation, and the absence of expert medical proof of causation.  It also argues the trial court misapplied the law in calculating Employee's average weekly wage.

---

[1] Employee also filed a motion for partial summary judgment.  However, during the expedited hearing, the trial court decided it would address Employee's request for expedited hearing first and would address the motion for partial summary judgment at a later date.

*Affirmative Defenses*

Tennessee Code Annotated section 50-6-110(a) provides that no compensation shall be allowed for an injury due to the employee's "willful misconduct" or the employee's "intoxication or illegal drug usage." Section 50-6-110(b) provides that if an employer defends on any of the grounds enumerated in subsection (a), "the burden of proof shall be on the employer to establish the defense." As we have previously observed, "[i]rrespective of the burden of proof at trial that is placed upon an employer who asserts affirmative defenses under section 50-6-110(a), section 50-6-239(d)(1) provides that the standard applicable . . . at an expedited hearing is whether the evidence is sufficient for the court to determine 'that the employee would likely prevail at a hearing on the merits.'" *Iboy v. Kenten Mgmt., LLC*, No. 2017-06-1855, 2018 TN Wrk. Comp. App. Bd. LEXIS 23, at *14 (Tenn. Workers' Comp. App. Bd. May 8, 2018) (citing Tenn. Code Ann. § 50-6-239(d)(1)). Thus, although a trial court can consider whether an employer has shown a likelihood of prevailing at trial on any affirmative defenses, the ultimate question at an expedited hearing is whether the employee has shown a likelihood of prevailing at trial. *Burnett v. Builders Trans.*, No. 2017-08-0409, 2018 TN Wrk. Comp. App. Bd. LEXIS 5, at *9-10 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018)).

Here, the occurrence of the accident is not refuted. Video footage confirms Employee was pushing and pulling a loaded cart in the course and scope of his employment when the cart fell over on him. He was transported to a hospital via ambulance where he was treated for a broken leg and a broken arm. Thus, it is undisputed Employee suffered a work-related accident resulting in injuries. The question then becomes whether the evidence submitted in support of Employer's affirmative defenses was sufficient to preclude the trial court's finding that Employee is likely to prevail at trial. With respect to the issue of the standard of proof at an expedited hearing, Employer cited no statutory or case law in support of its position in its Memorandum of Law in Opposition to Employee's Motion for Summary Judgment, its closing argument during the expedited hearing, or its brief on appeal. We note "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "[W]here a party fails to develop an argument in support of his or her contention . . . the issue is waived." *Id.* The court concluded Employer did not offer sufficient evidence with respect to its affirmative defenses and determined Employee would likely prevail at trial. We agree.

With respect to Employer's intoxication defense, the trial court concluded Employer presented insufficient proof of this affirmative defense. Employer asserts the trial court erred in reaching that conclusion, but it provided no evidence in support of its defense other than a positive drug screen. It offered no testimony from any witness that Employee appeared impaired on the date of the accident. It presented no expert medical

opinion that the levels of THC or oxycodone reflected on the drug screen would have caused impairment. In short, it offered no evidence that Employee's alleged illegal drug use was the proximate cause of his injuries. Conversely, the trial court accepted Employee's unrebutted testimony regarding his lack of impairment on the date of the accident, and we cannot conclude the trial court erred in that regard. *See Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008) (On appeal, "considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony.").

The trial court also concluded Employer had not come forward with evidence to satisfy the four elements of its willful misconduct defense based on Employee's alleged violation of its "push, don't pull" safety rule. *See Mitchell v. Fayetteville Public Utilities*, 368 S.W.3d 442, 453 (Tenn. 2012). In its order, the trial court reviewed the video evidence and did not conclude it showed Employee violating Employer's safety rule while attempting to manipulate the loaded cart. Moreover, the court concluded there was "scant" evidence of Employer's bona fide enforcement of the "push, don't pull" rule. Again, Employer has presented no meaningful argument as to how the trial court erred in its analysis of the willful misconduct defense articulated in *Mitchell*.

*Calculation of Average Weekly Wage*

With respect to the proper calculation of Employee's average weekly wage, the trial court concluded Employee worked fewer than 52 weeks during the one-year period prior to the accident and that Employee's gross wages should be divided by the number of weeks he actually worked for Employer, in accordance with Tennessee Code Annotated section 50-6-102(3)(A) (2019). Employer argues that when it entered into an employment relationship with Employee, both parties knew the employment was irregular. As such, the weeks during which Employee did not work for Employer were not due to fortuitous circumstances and should not be deducted from the calculation of Employee's average weekly wage.

Both parties rely on *Russell v. Genesco*, 651 S.W.2d 206 (1983), in support of their respective positions. We agree *Russell* is determinative of the issue. The Tennessee Supreme Court, in addressing the calculation of the average weekly wage of an irregular employee, stated as follows:

> This Court has also addressed the question of how the average weekly wages should be computed for one employed intermittently or irregularly. In *Toler v. Nashville, C. & St. L. Ry.*, 173 Tenn. 378, 117 S.W.2d 751 (1938), the employee worked for the employer for more than ten years, but was only assigned work as it became available. During the year prior to his injury, he worked fourteen weeks. The Court determined that the proper method of computation was to divide the total wages

5

received during the year by the number of weeks in which the employee received wages. This method is the same as that for computing the average weekly wages of a part-time employee.

*Russell*, 651 S.W.2d at 208.

We find the employment circumstances described in *Russell* to be directly comparable to the circumstances in the present case. Employee was a member of a union and worked for Employer as work became available and as workers from the union were requested by Employer. Employee was not a regular employee of Employer with irregular hours. Rather, he was an irregular employee. Thus, we conclude the trial court did not err in calculating Employee's average weekly wage.

### Conclusion

For the foregoing reasons, we affirm the trial court's order in its entirety and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Denny Woodard | ) | Docket No. 2018-06-2162 |
| | ) | |
| v. | ) | State File No. 69647-2018 |
| | ) | |
| Freeman Expositions, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Daniel C. Todd | | | | X | dan@dantoddlaw.com |
| Denty Cheatham | | | | X | dcheatham.cpg@gmail.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov